UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **KEITH WAYNE ROBERTSON** | **CIVIL ACTION NO. 24-0656** |
| **VS.** | **SECTION P** |
| | **JUDGE DAVID C. JOSEPH** |
| **MAYOR JARROB BOTTLEY** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**REPORT AND RECOMMENDATION**

Plaintiff Keith Wayne Robertson, a prisoner at Tensas Parish Detention Center ("TPDC") proceeding pro se and in forma pauperis, filed this proceeding on approximately May 15, 2024, under 42 U.S.C. § 1983. He names Mayor Jarrob Bottley as defendant.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

**Background**

Plaintiff claims that at TPDC, he was forced to defecate in clear bags over fifty times because the water at the facility was off. [doc. # 1, p. 6]. He had to place his bags of feces in a larger bag located in a shower; the larger bags were not removed hourly. *Id.* at 6-7. The larger bags remained in the dormitory for days at a time. *Id.* at 6. Plaintiff was forced to utilize toilets full of feces when he lacked a bag. *Id.* He had to urinate in a shower because he refused to use toilets full of feces. *Id.* Plaintiff claims that TPDC lacks adequate ventilation and that, consequently, he is "breathing in feces." [doc. # 1, p. 9]. He has suffered eye irritation, coughing, throat irritation, a running nose, difficulty breathing, headaches, pain, and distress. *Id.*

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

Plaintiff claims that he lacked sufficient water for two and six-day periods. [doc. # 1, p. 6].

Plaintiff claims that the pipes at TPDC "back up" and emit brown water and bacteria. [doc. # 1, p. 9].

Plaintiff faults the "mayor of Tensas Parish," Jarrob Bottley, alleging that Bottley is playing an "incredible role" in Plaintiff's incarceration at TPDC. [doc. # 1, p. 3]. He faults Bottley for lacking emergency finances to repair the alleged deficiencies at TPDC. *Id.* He claims that Bottley failed to secure necessary funds to repair the "supply of water and waterworks." *Id.* at 4. Bottley allegedly overlooks his responsibilities to Tensas Parish. *Id.* Plaintiff faults Bottley for low water pressure, loss of water, leaks, old pipes, and "rusting." *Id.* Bottley allegedly "refuses to fix the problems and works as if [the problems] don't exist." *Id.* at 7. Bottley has "very good knowledge of violation(s)." *Id.*

For relief, Plaintiff first seeks: "Tensas's water systems fixed also sewage and drainage. Remove the pile of feces due to Tensas's back-ups, stop the burning of feces in a hole with pallets fix the ventilation system. [sic]." [doc. # 1, p. 10]. On a separate page of his pleading, he seeks: (1) the removal or cleaning of a water tank behind the facility; (2) $1,000,000.00 in compensation; and (3) the testing of the water at TPDC. *Id.* at 11.

**Law and Analysis**

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is

subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*).  Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless.  *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  Plausibility does not equate to possibility or probability; it lies somewhere in between.  *Id.*  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim.  *Twombly*, 550 U.S. at 556.

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra.*

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* A complaint fails to state a claim where its factual allegations do not "raise a right to relief above the speculative level." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (*quoting Twombly*, 550 U.S. at 555). "[U]nadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 677.

"[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was

committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Duplicative Claims**

The Court should dismiss Plaintiff's claims because they are duplicative and therefore legally frivolous and malicious.

"IFP complaints may be dismissed as frivolous pursuant to § 1915(d) when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff." *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989). Likewise, a case is duplicative if it involves "the same series of events" and allegations of "many of the same facts as an earlier suit." *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). Moreover, "it is malicious for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (internal quotation marks omitted); *see Lewis v. Sec'y of Pub. Safety & Corr.*, 508 F. App'x 341, 344 (5th Cir. 2013); *Bailey*, 846 F.2d at 1021 ("[A]n IFP complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under . . . section 1915(d)."). District courts are "'vested with especially broad discretion' in determining whether such a dismissal is warranted." *Bailey*, 846 F.2d at 1021.

Here, Plaintiff's claims are substantially similar to, and arise from the same series of events as, claims and allegations in a proceeding that Plaintiff filed before he filed the instant lawsuit: *Keith Wayne Robertson v. Warden Nolen Bass, et al.*, 3:24-cv-0275 (W.D. La. February

5

23, 2024).  There the undersigned summarized some of Plaintiff's allegations thusly:

> Plaintiff claims that he has been forced to defecate in a clear bag five times because TPDC often lacks water or water pressure for a functioning sewage system. . . . He claims that as of the filing of the second pleading he was forced to defecate in a bag a total of 8 times because TPDC lacked water.  On one occasion, he had to use a toilet full of feces because he was not provided a bag.  He writes that the "continuing mistreatment" is belittling "in a very harmful way."
>
> Plaintiff "must put [his] bag of feces in the big bag in the shower full of feces and urine by (80) inmates . . . [sic]."  He suggests that the bags of feces in the shower are removed hourly.  He maintains that the feces odor in his dormitory has been extremely bad, placed his health at risk, was dehumanizing, and amounted to punishment, abuse, and mistreatment.  He states that he breathes the odor in all day and that he has had headaches, a "running nose," "very bad eye irritation," throat irritation, and coughs.  "[T]he ventilation in D-Dorm does not" remove feces and urine odor and thus deprives Plaintiff of fresh air.  The ventilation is "full of dust and rust[.]"
>
> Plaintiff, who is housed in "D-Dorm," claims that D-Dorm lacks a urinal and that consequently he must urinate in either a shower or toilets which are full of feces.  He suggests that a shower serves as an improvised urinal when the water is off.  And as to the toilets, four of seven are operational.
>
> Plaintiff claims that for eight days, he only received between 2-5 bottles of water each day for brushing his teeth, washing/showering, cooking, and drinking.  He also claims he lacked sufficient water for a two-day period and a four-day period.
>
> Plaintiff claims in a second pleading that when the water "comes back on," staff pump feces into a large pile outside on the ground and "over the fence," risking harm to "animals, the land, [and] inmates' health[.]"  He adds that "the water was off" on February 26, 2024, from 8:00 a.m. to 2:00 p.m., and on February 29, 2024, from 9:00 a.m. to 3:00 p.m.  On March 6, 2024, a shower "back[ed]-up" and emitted rust water and feces.
>
> In a third pleading, Plaintiff states that on April 22, 2024, he witnessed staff outside disposing of "heavy duty black bags" of feces.  He states that the bags need "to be removed by [a] specialist."  He alleges that Bass and Johnson burn the feces "by the shop in the back using wood and pallets[,]" which allegedly pollutes the air.
>
> . . . .
>
> Plaintiff experienced sadness, frustration, depression, and resentment. He seeks: (1) a urinal in D-Dorm; (2) the removal of the "pile of feces"; (3) the repair of

6

the sewage system; and (4) $500,000.00 for his mental and physical pain. *Id.* (internal record citations omitted). On June 4, 2024, the Court dismissed Plaintiff's claims with prejudice. *Id.* at Doc. 19. Plaintiff is attempting to appeal. *Id.* at Docs. 23, 24.

As the claims Plaintiff raises here are duplicative—and therefore legally frivolous and malicious—the Court should dismiss them without prejudice to Plaintiff's right to prosecute any appeal but otherwise with prejudice.[3] *See Adele v. Rogers*, 669 F. App'x 264 (5th Cir. 2016).

### Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Keith Wayne Robertson's claims be **DISMISSED WITHOUT PREJUDICE** to his right to prosecute any appeal in his prior proceeding, *Robertson*, 3:24-cv-0275. The claims should otherwise be **DISMISSED WITH PREJUDICE** as duplicative, frivolous, and malicious.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the**

---

[3] That Plaintiff names a different defendant in this proceeding does not change the result. *See Lewis*, 508 Fed. App'x at n.2; *Bailey*, 846 F.2d at 1021 (affirming dismissal where the "complaint repeats the same factual allegations that [the plaintiff] asserted in his earlier case, although he successively sued different defendants."); *Brown v. Louisiana*, 2010 WL 5582940, at *3 (W.D. La. Dec. 1, 2010).

**legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 25th day of June, 2024.

_____
Kayla Dye McClusky
United States Magistrate Judge